## MULVEY *vs.* THE STATE.

[INDICTMENT FOR SELLING LIQUOR WITHOUT LICENSE.]

1. *Husband ; when may be convicted for acts done by the wife.*—If the wife sells vinous or spirituous liquors, without a license, and receives pay for the same, in the presence of her husband, and the sale is made by his direction and concurrence, he may be convicted on a charge of retailing without license, if neither he nor his wife have taken out a license.

2. *Same.*—And the fact that the wife owns and keeps the store, where such sale is made, and the husband has no interest in it, and does not himself sell the liquor, does not excuse him.

3. *Misdemeanor ; general principle as to, committed by wife, in the presence of the husband.*—As a general principle, subject to some exceptions, if the wife commits a misdemeanor in the presence of her husband, and by his coercion, she can not be convicted, but the husband can, for her act.

4. *What not repealed by § 136 of revenue law.*—Sections 3618, of the Revised Code, and § 76 of the Penal Code, are not repealed by § 136 o the revenue law.

APPEAL from the City Court of Mobile. Tried before Hon. C. F. MOULTON.

ON the 11th day of February, 1869, James Mulvey was indicted in the city court of Mobile, for selling vinous or spirituous liquors without license, and on the 14th of April, was tried and convicted, and fined fifty dollars, and taxed with the costs of conviction.

The bill of exceptions, taken on the trial, shows that Mrs. Mulvey, wife of said James Mulvey, the appellant in this cause, owned and kept a grocery store in the city of Mobile, in the county of Mobile, in this State, in the year 1868 ; that on a certain day in the month of December, in said year, one Collins and his friend, went to Mrs. Mulvey's store and found her and her husband, the appellant, both in said store. Collins called for some whiskey to drink, when said Mulvey (appellant) directed his wife, who was then behind the counter, to give Collins and his friend some whiskey, which she did. Collins and his friend each then drank a common tumbler part full of whiskey, for which they paid Mrs. Mulvey the sum of twenty cents. Mulvey was not connected with said store. He was a policeman of said city of Mobile. The store and every thing kept therein, belonged to Mrs. Mulvey, wife of appellant, and she kept it and managed it herself. Neither Mulvey nor his wife had any license to retail spirituous liquors.

On this proof, the defendant below asked the court to charge the jury, " That if they believed from the evidence that the prisoner had no interest in said store, but that it was owned by his wife, and that he did not sell the whiskey to Collins and the other person, but merely told his wife, who was the owner of the whiskey, to do so, then they must find him not guilty." This charge the court refused to give, and the defendant excepted. The defendant below, also asked the court to charge the jury, " that the section of the Penal Code of 1866, No. 76, under which this indictment is found, was repealed by the section 136 of the revenue law of 1868, and that they must find him (defendant) not guilty." This, the court also refused, and the defendant again excepted, and appeals to this court.

No counsel appeared for appellant.

JOSHUA MORSE, Attorney-General, for the State.

[No briefs came into the hands of the reporter.]

PETERS, J.—Selling spirituous liquors without a license is a misdemeanor. It is a crime below a felony. In misdemeanors, all who knowingly and willingly concur in the acts which constitute the violation of the law, are aiders and abettors, and they are guilty. In all crimes under the degree of felony, all persons who concurred therein, are guilty as principals, if guilty at all.—Rev. Code, § 3542 ; 4 Bl. Com. p. 36, marg.

It has been settled that, where a prize fight takes place, and a number of persons are assembled to witness it, if they have gone thither for the purpose of seeing the combatants strike each other, and were present when they did so, they are all in point of law guilty of an assault ; and there is no distinction between those who concur in the act, and those who fight ; for if several are in concert encouraging one another and co-operating, they are all equally guilty, though one only committed the assault.— *Rex v. Perkins*, 4 C. & P. 537 ; S. C., 29 Eng. Com. Law R. 364 ; 1 Lewin, 17 ; S. C., 34 Eng. Com. Law R. 539 ; 1 Russell Cr. 753 ; *The State v. Lymburn*, 1 Brev. 397. This is a general principle, and is properly applicable to all misdemeanors. Here was, undoubtedly, a violation of law. As a general principle, when the wife acts under the coercion of the husband, in misdemeanors, she is not to be held responsible for her acts. Criminally, she is not guilty. 1 Russell Cr. 18, marg.; *Davis v. The State*, 15 Ohio, 72 ; 1 Hale, 45 ; 4 Bl. Com. 28.

In this case, it seems that the wife did not move in the matter until the husband " directed " her to let the parties, who had come in to drink, have the whisky. She obeyed his directions, which were his commands. She furnished the whisky to Collins and his friend, as the husband had ordered her to do. They drank it and paid for it, in his presence and without his objection. By his conduct in this case, he made his wife's act his own. In judgment of

law, it was he that violated the law, and not the wife. The first charge asked of the court is opposed to these principles. It was therefore properly refused.

The second charge was also properly refused. The revenue act does not repeal the section of the Code which makes retailing an offense. It only repeals the laws upon the subject of " taxation in this State," and not the law upon the subject of crimes.—Revenue Law, 1868, p. 46, § 136 ; Rev. Code, § 3618.

The defendant below, the appellant in this court, was, therefore, properly convicted, and the judgment and sentence of the court below are affirmed, at appellant's costs ; and that court will cause the same to be carried into effect, as required by law.