## CAMPBELL *vs.* THE STATE.

[INDICTMENT FOR SELLING VINOUS OR SPIRITUOUS LIQUORS WITHOUT LICENSE.]

1. *Section.3618 of the Code not repealed by revenue law of* 1868.—Section 3618 of the Revised Code, which forbids the sale of spirituous liquors without a license, is a criminal and not a revenue law, and is not re- pealed by the revenue law of 1868.

APPEAL from Circuit Court of Barbour.
Tried before Hon. J. McCALEB WILEY.

THIS is an indictment for selling liquor to a minor. The only evidence was, that the appellant sold one pint of whis- key to a minor, at the house of Atkinson Head in the county of Barbour. The court refused, at the instance of the defendant, to charge the jury, that if they believed the evidence they must acquit the defendant. The defendant excepted, and now assigns the refusal to give this charge as error.

JOHN A. FOSTER, for appellant.—1. Under this indict- ment, a conviction can not be sustained for an offense un- der the revenue law of 1868. Under section 3618 a party could be convicted, if a single act of selling without license was proved. Under the revenue laws of 1868, a convic- tion can only be sustained when it is proved that the de- fendant engaged in the business of retailing, or is by oc- cupation a retailer, and failed or neglected to procure li- cense. One act of selling does not necessarily constitute the seller a retailer. And therefore the indictment fails to charge any offense against the revenue laws of 1868.—*Car- ter v. The State*, 44 Ala.

2. The question, then, is, whether a conviction under an indictment made under section 3618 can be sustained? In *Mulvey v. The State*, (43 Ala.) the court held, that the rev- enue laws of 1868 do not expressly repeal section 3618. But it is apparent that they are repugnant thereto, and

Campbell v. The State.

thus by implication repeal said section and render it of no effect; otherwise, a party might be convicted under an indictment under the revenue law of 1868, and another under the section 3618 for one and the same act. It is evident that the revenue law of 1868. repeals section 437 of the Code, and no license can now issue in this State except in the manner prescribed in said revenue laws of 1868. And certainly a conviction can not be had under section 3618 for a single act of selling without procuring license under the revenue laws of Alabama of 1868. There is no provision now in existence by which a party may procure a license to sell liquor, but only a license to engage in the business of a retailer. In *Ex parte Burnett*, (30 Ala.) it is held, in effect, that before a conviction can be sustained for doing an act without license, some mode must be provided by which a license could have been procured. Such is this case. No law provides for issuing a license to a party to sell liquors, one time; and it can not be held that before a citizen can sell a single pint of whiskey, he must constitute himself a retailer by occupation, and procure a license as such. As well might it be said that, before he can sell a single pint of liquor, he must procure a license to keep a livery stable.

JOHN W. A. SANFORD, Attorney-General, *contra*.

B. F. SAFFOLD, J.—The appellant was convicted under an indictment for selling vinous or spirituous liquors without license. The prosecution was for a violation of section 3618 of the Revised Code, which is not a revenue law, but one for the prevention of offenses against public morality and decency. It is not repealed by the revenue law of 1868.—*Mulvey v. The State*, 43 Ala. 316.

The judgment is affirmed.