## LILLENSTEINE *vs.* THE STATE.

[INDICTMENT FOR RETAILING LIQUORS.]

1. *Wholesale liquor dealer; when becomes retailer.*—Under the revenue law of 1867, a licensed wholesale dealer in spirituous liquors, &c., becomes a retail dealer if he sells in less quantities than a quart, or suffers larger quantities sold or disposed of by him, to be drank on his premises.—Section 112, subdivisions 4, 5.

2. *Revised Code, section 3618 of; what not repealed by.*—Section 3618 of the Revised Code of Alabama is not repealed by the revenue act of 1868,

APPEAL from Circuit Court of Barbour.
Tried before Hon. J. McCALEB WILEY.

The facts appear in the opinion.

WILLIAMS & BROTHER, and SEALS & WOOD, for appellant. The indictment contains three counts. In the first and second counts the form in the Code is followed, with an averment in the second that the liquor was sold in quantities less than a quart. The third count is drawn with reference to the revenue law of 1868, and attempts to charge an offense under that law.

. The questions presented by the record are—1st. Can a conviction be had under section 3618 of the Revised Code, for retailing without license? 2d. Is the third count sufficient under the revenue law of 1868?

1. In *Ex parte Burnett*, (30 Ala.) *per curiam*, on the motion for re-hearing, it is said by this court, before the State can complain that a supposed offender has retailed without a license, some legal mode must be provided by which a

retailer may obtain a license. It will not be denied that sections 437 and 1237, and those following, of the Revised Code upon the subject of retailing, requiring and providing the mode of obtaining a license to retail spirituous liquors, have been repealed by the revenue law of 1868. Hence, whatever may be the effect of the revenue law of 1868 upon section 3618 of the Revised Code, there is no law in the Revised Code providing a legal mode for a party to obtain a license to sell liquor. Can the law in the Code against retailing punish a party for retailing without a license when the Code fails to provide for a license?

The statutes providing for a license, and the penalty for selling without a license, were found in the same chapter in the Code of 1852. When the Penal Code of 1866 was compiled, the penal section was carried into the Penal Code, and from the Penal Code it was carried into the penal part of the Revised Code, and thus became separated from the other portion of the law upon the subject of retailing. But it is as much a part and parcel of the law upon the subject of retailing as if it had remained in the same chapter as under the Code of 1852. Does the revenue law of 1868 operate as a repeal of section 3618 of the Revised Code, as well as the other law upon the subject of retailing found therein? We admit that this court, in *Mulvey v. The State*, (43 Ala.) decided that section 136 of the revenue law of 1868 does not expressly repeal section 3618 of the Revised Code. But the point presented in that case was, whether there was a specific repeal. That decision is likely correct upon the precise point presented. But the revenue law of 1868, as to its penalties, conflicts with the Code as much as it does in its taxation and revenue provisions. The latter law is repugnant to the former, both as to penalty and taxation, and whenever this is the case, the former law is as much repealed by implication as if the latter law expressly said so.—See *George v. The State*, 39 Ala. To make the conflict more striking, it is only necessary to observe that a party could be convicted, if indicted *under the Code*, with or without a license under the revenue law of 1868.

2. The third count is not sufficient under the revenue law

of 1868. It fails to aver that the alleged offense was committed after the third Monday in March, 1869.—See section 111 Rev. Law 1868, Acts 1868, p. 330.

Said third count is also deficient in not averring that the defendant engaged in or carried on the business of selling vinous or spirituous liquors, without a license and contrary to law. It only alleges that defendant *sold* without license and contrary to law. It is true, the indictment states that the defendant, "being engaged in the business," &c., but it does not aver the business which he was being engaged in when he sold the liquor—was engaged in without license or contrary to law; it is only alleged that he *sold* contrary to law.—See *Moore v. The State*, 16 Ala.; *Eubanks v. The State*, 17 Ala.; *Pettibone v. The State*, 19 Ala.; *Johnson v. The State*, 44 Ala.; *Carter v. State*, 44 Ala.

3. If the indictment be held good under the revenue law of 1868, even then the conviction was contrary to law, for the evidence fails to show that the defendant engaged in the business of selling whisky.—See *Moore v. The State;* *Carter v. The State*, and *Johnson v. The State, supra.*

John W. A. Sanford, Attorney-General, *contra.*—1. The indictment is according to the form prescribed by the Revised Code, and charges an offense against the laws of the State. The demurrer to it was, therefore, properly overruled.—Rev. Code, p. 811, (Form No. 30); *ib.* § 3618; Acts of 1868, p. 331.

2. The law requiring persons who desire to carry on the business of retailing liquor to obtain a license for this purpose, clearly points out the mode in which such license can be obtained.—Acts 1868, pp. 329, 330.

Section 136 of the act of 1868, "to establish a revenue law," does not repeal § 3618 of the Revised Code.—Acts 1868, p. 340; *Mulvey v. The State*, 43 Ala. 316–19; *Campbell v. State*, at present term.

The license obtained by the accused for carrying on the business of a "wholesale dealer in spirituous liquors," &c., did not authorize him to sell liquor in less quantities than a quart, or to permit the purchaser to drink such liquor on

or about the premises. If the accused did so, he incurred the penalty of retailing spirituous liquors without a license. Acts 1868, p. 332. The charge asked by the appellant was, therefore, properly refused.

B. F. SAFFOLD, J.—The indictment contained three counts, two of which charged the defendant with selling vinous or spirituous liquors without license, in the form prescribed by the Revised Code for the offense described in section 3618. The demurrer to it was properly over-ruled.

We have decided that section 3618 was not repealed by the revenue act of 1868.—*Mulvey v. The State*, 43 Ala. 316; *Campbell v. The State*, at present term.

The evidence shows that the defendant, having a license as a wholesale dealer in liquors, &c., sold the liquors on some occasions in quantities less than a quart, and on others, that it was drank on his premises. He was therefore subject to be deemed a retail dealer.—Acts 1868, Rev. Law, § 112, subv. 4, 5. The defendant was not entitled to the charge. that he could not be convicted under the evidence.

The judgment is affirmed.