# Hafter *v.* The State.

*Indictment against Wholesale Dealer in Spirituous Liquors for Violation of Revenue Law.*

1. *Sufficiency of indictment.* — An indictment under the revenue law of 1868 (Sess. Acts, 1868, pp. 329-31, §§ 111, 112), for carrying on the business of a wholesale dealer in spirituous liquors without a license, must specify the place at which the business was carried on.

2. *Engaging in or carrying on business, wholesale or retail, of selling spirituous liquors, without license; what constitutes offence.* — To authorize a conviction against a wholesale dealer in spirituous liquors, for carrying on his business without taking out a license under the revenue law of 1868, it must be shown that he sold liquor in quantities greater than a quart, and that it was drunk on or about his premises;

[Hafter *v.* State.]

and if the indictment can be sustained as a prosecution for retailing without license (Rev. Code, § 3618), it is equally necessary to show that the liquor was drunk on or about the premises.[1]

FROM the Circuit Court of Sumter.

Tried before the Hon. LUTHER R. SMITH.

The indictment in this case was found at the April term of said court, 1872, and contained two counts ; the first chargin that the defendant " did engage in the business of a wholesale dealer in spirituous, vinous, or malt liquors, without having paid for and taken out a license therefor, without license, and contrary to law ; " and the second, that he " did carry on the business of a wholesale dealer," &c.    The defendant demurred to the indictment, but the record does not show what causes of demurrer, if any, were specially assigned ; and his demurrer being overruled, he then pleaded not guilty.    Issue being joined on this plea, and a trial had, the jury returned a verdict of " guilty as charged in the indictment ; " and the court thereupon rendered a judgment against the defendant for $45, " being three times the amount of the license required by law."

On the trial, as appears from the bill of exemptions, it was shown that the defendant, during the time covered by the indictment, was a merchant in the town of Livingston in said county, dealing in dry goods, groceries, &c. ; that his license as a wholesale dealer in liquors expired at the end of the year 1870, when he had a few gallons of whiskey left in a barrel, which he instructed his clerk not to sell, because his license had expired ; that during the year 1871, he frequently bought whiskey, by the quart, from the proprietors of a neighboring store, which was delivered, on his written orders, to his children, clerks, and customers, and was paid for by him at the end of each month when his account was sent in for collection. His clerk testified, that the defendant sometimes sent him to this store with an armful of bottles, which were filled with whiskey by the proprietors of the store, and then carried back to the defendant's store ; that sometimes, on the eve of a public day, the defendant bought several bottles of whiskey at this store, which was poured into a jug, and which the defendant gave away to his customers.    This witness further testified, that the whiskey so bought for the defendant, except that part which was given away, " was delivered by the defendant or his wife to their customers ; that he saw no money paid for it, but supposed it was charged by defendant to his customers at ' six bits,' as defendant had told him to get ' six bits ' whiskey ; and

---

[1] The opinion of the court, on the point stated in the second head-note, is manifestly erroneous; but it is so written, and the reporter can neither change nor explain it.

[Hafter v. State.]

that he saw no whiskey sold and drunk about the defendant's premises while he was clerking for him." The price paid for this whiskey by the defendant, as other witnesses testified, was forty-five cents per quart, though the retail price to persons who were not merchants was seventy-five cents. One witness testified, that sometime in January, or February, 1872, he bought from the said store, on the defendant's written order, one and two-thirds quarts of whiskey, for which he paid defendant one dollar per quart.

The above being the substance of the evidence adduced on the trial, all of which the bill of exceptions purports to set out, the court charged the jury, *ex mero motu*, as follows : " It is not necessary to a conviction in this case, that the defendant engaged in the sale of liquor as a business, in the ordinary sense of following a business, and having no other occupation or calling. If he sold liquor by the quart, for a profit, and with the intent to evade the statute, that would be sufficient to constitute him guilty as charged. The question is, whether he intended to engage in the business of selling liquor by the quart, without first taking out a license, and contrary to law. If he so intended, and did sell liquor by the quart, in the county, within twelve months before the finding of the indictment, then he is guilty as charged. If you find, beyond a reasonable doubt, that it was his intention to evade the revenue law, then he is guilty as charged; but, if you have a reasonable doubt of his guilt, he is entitled to the benefit of that doubt, and you must acquit him." The defendant excepted to this charge, and he now assigns it as error, together with the overruling of his demurrer to the indictment.

SNEDICOR & COCKRELL, for the defendant.

BEN. GARDNER, Attorney General, for the State.

PETERS, C. J. — This prosecution was commenced at the spring term, 1872, of the circuit court of Sumter county, and the indictment was filed in court on April 27, of that year. The offence charged is a violation of the revenue law of 1868. (Acts 1868, p. 297.) This act makes it unlawful to engage in or carry on certain occupations, particularly mentioned, without a license. Act, § 105. Another section (§ 111) prescribes the penalty for violations of said act. The fine to be imposed is three times the amount of the license, and the party found guilty may be confined in the county jail, not exceeding one year, at the discretion of the court. The law then proceeds to fix the prices of licenses, and in this case they are as follows: " For wholesale dealers in spirituous, vinous, or malt liquors,

[Hafter v. State.]

in any place of less than five thousand inhabitants, fifteen dollars ; in any city of over five thousand, and less than fifteen thousand inhabitants, twenty-five dollars ; in any city of over fifteen thousand inhabitants, fifty dollars. Any person who shall sell, or in any way dispose of such liquors, in any quantity greater than one quart, shall be deemed a wholesale dealer ; and if such liquors are drank on or about his premises, such dealer shall be liable to the penalties prescribed for not taking out a license as a retail dealer." (Section 112, cl. 5.) The 4th clause of the same section fixes the prices of retail dealers, and they range from fifty to two hundred dollars. From this brief notice of the statute it is evident, that the offences intended to be denounced can only be committed in certain places, and the punishment depends on the place in which the act forbidden is committed, and each offence is punished in a different way. When this is the case, it has been the rule of this court, since the decision of *Hirschfelder* v. *The State* (18 Ala. 112), to require that the indictment shall charge that the act complained of was committed in one of the places named in the statute, and confine the prosecutor to that charge. This is the law as declared in the case of *Harris* v. *The State*, at the last January term of this court. Judged by the principle thus settled, the demurrer to the indictment should have been sustained. The court erred in overruling it.

2. The charge of the court is also erroneous. It predicates the guilt of the accused on the act of selling liquor by the quart, for profit, and with intent to evade the statute. This is not the law applicable to this indictment. The liquor must be sold or disposed of in a quantity greater than a quart, and drank on or about the premises of the vendor, to constitute guilt. The record in this case shows, that the accused was " charged on an indictment with violating the revenue law." But the result must be the same, if the prosecution be considered a charge for retailing spirituous liquors without license. There, the spirits must be shown to have been drunk on or about the premises of the vendor (Rev. Code, § 3618). In either aspect, the charge was wrong.

The judgment of the court below is reversed, and the cause is remanded for a new trial, upon a new indictment, if the accused will not consent to such amendment of the present indictment as may be required and the law allows. (Rev. Code, §§ 4143, 4144.) The defendant, said Jacob Hafter, in the mean time, will not be discharged, except by due course of law.