# McPherson *v.* The State.

*Indictment for Retailing without License.*

1. *Section 3618 of the Revised Code; object of.*—Section 3618 of the Revised Code, forbidding the retailing of vinous or spirituous liquors, in quantities less than a quart, without license, or selling the same to a person of known intemperate habits, &c., is not a mere revenue law, but rather a police regulation for the protection of the public morals and peace.

54 221
96 61
54 221
112 183
54 221
120 393
121 564
54 221
185 67
54 221
136 118

2. *Same; what constitutes offense under.*—A single unauthorized sale is sufficient to constitute the offense denounced by the statute. Under an indictment for it, the State can prove but one act, and evidence of one act being given, an election is made to prosecute for that act, precluding the introduction of any other.

3. *Retailing without license, indictment for; what not authorized under.*—Under an indictment pursuing the form, given in the Revised Code, for retailing spirituous liquors, there can be no conviction for engaging in, and carrying on the business of wholesale liquor dealer, in violation of the revenue law. It is a well settled rule of criminal law, applicable to violations of the revenue law, that when a statute creates and defines an offense, an indictment under it will not support a conviction, unless it conforms to the statute describing the offense.

4. *Jury; when must fix fine.*—On conviction under section 3818 of Revised Code, the jury must assess the fine, and the court in its discretion may add imprisonment or hard labor. On conviction for violation of the revenue law, by engaging in the business of a wholesale liquor dealer without license, the amount of the fine is fixed by the statute, and a mere verdict of guilty will authorize sentence of imprisonment.

APPEAL from Circuit Court of Choctaw.

Tried before Hon. LUTHER R. SMITH.

Defendant was tried and convicted on an indictment, which charged that before the finding thereof he sold vinous or spirituous liquors, without license and contrary to law, against the peace, &c. The only witness introduced for the State, testified that he had frequently bought liquor of the defendant, but always in larger quantities than a quart, and that none of it was drank upon the premises. Upon this evidence, the court charged the jury, in substance, that if defendant sold whisky in any quantity, whether the same was drank upon or about the premises or not, they must find him guilty. An exception was reserved to this charge. The jury brought in the following verdict: "We, the jury, find the defendant guilty." Motion in arrest was made, on the ground that the verdict did not authorize the rendition of any judgment. The court stated that unless defendant would consent that the verdict be amended so as to show that the jury had assessed a fine of three times the amount of the license, the court would impose hard labor for the county, and defendant consented, and the verdict was so amended, and judgment rendered for a fine of forty-five dollars and costs.

THOS. W. COLEMAN, for appellant.

JOHN W. A. SANFORD, Attorney General, *contra.*

BRICKELL, C. J.—The statute, R. C. § 3618, denouncing retailing vinous or spirituous liquors in quantities of a quart or less, without license, or the selling such liquors to a per-

son of known intemperate habits, or the selling of the same
in any quantity, and permitting it drunk on or about the
premises of the seller, is not a mere revenue law.—*Long v.
State*, 27 Ala. 32. It is rather a police regulation, for the
preservation of the public peace, the protection of public
morals, and the prevention of injury to individuals, habitua-
ted to an intemperate gratification of an appetite for strong
drink.—*Lodano v. State*, 25 Ala. 64. A single act constitutes
the offense, and the State is allowed to prove but one act ;
if evidence is given of an act on the trial, an election is made
to prosecute for that act, precluding the introduction of evi-
dence of any other.—*Elam v. State*, 26 Ala. 48.

The revenue law of 1868, Par. 5, § 112, imposes a tax on
wholesale dealers in spirituous, vinous or malt liquors,
graduted according to the population of the place in which
the business is carried on. A wholesale dealer is defined as
one selling or disposing of such liquors, in any quantity
greater than one quart, and he is subject to the penalties in-
flicted on a retail dealer, if the liquors are drank on or about
his premises.—Pamph. Acts 1868, p. 332. A similar tax is
imposed on the retailer of such liquors, and any person sell-
ing or disposing of the same, in quantities less than one
quart, is declared a retail dealer.—Par. 4, § 112, *ib.* p. 331.
For the carrying on the business of a wholesale ·or a retail
dealer, a license is required, and engaging in, or carrying on
such business, without a license, is a misdemeanor, subject-
ing the offender to a fine of not less than three times the
amount of the license, and at the discretion of the court, to
imprisonment in the county jail, not exceeding one year.—
§§ 105-11, *ib.* pp. 329-30. These are parts of the general
revenue law, intended for no other purpose than to secure a
collection of the taxes imposed on particular occupa-
tions.

The indictment pursues the form laid down in the Code,
for the offense denounced by § 3618—the retailing vinous or
spirituous liquors without license, comprehending each act
declared by that section as criminal—whether it be a sale by
one having license, to a person of known intemperate habits,
or a sale in a quantity exceeding a quart, and permitting it
drunk on or about the premises, or selling of a quantity less
than a quart, without license.—*Elam v. State*, 25 Ala. 53;
R. C. § 4133. Under this indictment it is not competent for
the State to give evidence of more than one act, and on con-
viction, the penalty is a fine of not less than fifty, nor more
than five hundred dollars, the amount of the fine, within
these limits, resting in the discretion of the jury.—R. C.
§ 3757. The court may also, in its discretion, impose imprison-

[McPherson v. The State.]

ment in the county jail or hard labor for the county, for a term not exceeding six months.—R. C. §§ 3782-83.

The evidence introduced in support of the indictment was, by one witness, that he had frequently bought of defendant whisky, in a quantity exceeding a quart, which was drunk on or about the premises of the defendant. The court charged the jury, that if they believed this evidence, the defendant was guilty. The charge is erroneous. Under this indictment a conviction could not be had unless it had been shown the defendant had sold, without license, spirituous or vinous liquors in less quantities than a quart, or in a quantity exceeding a quart, and permitted it drunk on or about his premises, or had sold to one of known intemperate habits. The court probably supposed that the defendant could be convicted for a violation of the revenue law as a wholesale dealer in liquors. But it is a well known rule of criminal law, not changed by our statutes, that when a statute creates and defines an offense, an indictment under it will not support a conviction, unless it conforms to the statute in describing the offense. This rule has been applied to indictments for violations of the revenue law of 1868.—*Harris v. State*, 50 Ala. 127.

The offense the evidence tended to establish, is different from that embraced in the indictment in all its ingredients, and is followed by a different punishment on conviction. The fine for the offense described is not less than fifty dollars and hard labor for the county, or imprisonment in the county jail may be inflicted. The jury assess the fine, and the court in its discretion may impose the additional punishment. A single act of unlawful retailing constitutes the offense, and each separate act is indictable. The offense the evidence tended to establish cannot be committed by a single act. It consists in engaging in, or carrying on the business of a wholesale dealer in vinous, spirituous or malt liquors, not in one or more acts of selling without any intent to engage in, or carry on the business. There can be but one conviction for the offense, though the business has been pursued during the whole tax year, for which a license ought to have been obtained. The fine for committing the offense is not assessed by the jury, or imposed by the court. It is fixed by the statute at a precise sum—three times the sum required for a license. The sum required for license depends on the population of the place at which the business is carried on, and most often would not exceed fifteen dollars, so that the fine imposed would not often be less than that the jury could not impose for the offense described in the indictment. Imprisonment in the county jail only, not

hard labor for the county, can be added to the fine, and it may extend to the term of one year for the offense of carrying on the business of selling by wholesale; while for the offense described, the additional punishment may be either imprisonment or hard labor not exceeding the term of six months. There was an entire want of correspondence between the offense charged and that the evidence tended to establish.

If the indictment had been so framed as to authorize conviction for engaging in or carrying on the business of selling liquors by the wholesale, the verdict of the jury, though not assessing the fine, would have been sufficient. The statute affixes with certainty the fine, which the jury can neither increase nor diminish, and if the verdict had expressed it, the assessment would have been mere surplusage.—*Hirschfelder v. State*, 18 Ala. 112. Nor, if the evidence would have supported a conviction for the offense described in the indictment, would the verdict have been bad. The statute authorizes the jury, when an offense may be punished, in addition to a fine (as may the offense described,) by imprisonment or hard labor for the county, to omit imposing a fine, if in their judgment the defendant should only be punished in some other mode, and to find him guilty, leaving the imposition of the punishment to the court.—R. C. § 3752. The court erred, therefore, in requiring the defendant to consent to an amendment of the verdict, under the peril of being sentenced to hard labor if he refused. There was no defect in the verdict in any aspect of the case. If the evidence had supported the indictment, the duty of the court was to render judgment on the verdict, sentencing the defendant to hard labor or imprisonment for a term not exceeding six months. Or, if the indictment had conformed to the evidence, to have rendered judgment for the fine imposed by the statute, to which imprisonment could have been added, if the circumstances were of a character to require it.

The judgment is reversed, and the cause remanded, but the defendant must remain in custody until discharged by due course of law.