# Lawson *v.* The State.

*Indictment against Retailer of Spirituous Liquors.*

1. *Retailing spirituous liquors without license; what constitutes offense.*—Under an indictment for retailing spirituous liquors without a license (Rev. Code, § 3678), a conviction may be had on proof of a single act of selling; but, under an indictment for carrying on the business of retailing spirituous liquors without a license, in violation of the provisions of the revenue law, proof of a single act is not sufficient to authorize a conviction.

FROM the Circuit Court of Randolph.
Tried before the Hon. JOHN HENDERSON,
VOL. LV.

The indictment in this case contained but a single count, which charged that the defendant, William Lawson, "engaged in, or carried on, the business of retail dealer in spirituous, vinous, or malt liquors, in a place in said county not an incorporated city, town, or village, without a license, and contrary to law, or without having first taken out a license and paid therefor, at Louina, in said county; against the peace," &c.  On the trial, as the bill of exceptions shows, the State proved a single act of selling by the defendant, within the period covered by the indictment; "whereupon, the defendant asked the court to compel the prosecuting attorney to elect as to the offense—whether he would proceed under the Revised Code for retailing, or under the revenue laws of the State.  The prosecuting attorney having then elected to proceed under the Revised Code for retailing, the defendant introduced the act of the legislature of 1873, whereby the sale of spirituous liquors was prohibited at and in the town of Louina, in said county, where the proof showed the selling to have been done, and moved the court to exclude from the jury the proof of said sale; which motion the court overruled and refused, and the defendant excepted.  This being all the evidence, the court charged the jury, on the written request of the State's counsel, that they must find the defendant guilty, if they believed the evidence; to which charge the defendant excepted."

C. D. HUDSON, with SMITH & SMITH, for the defendant.

JNO. W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—Retailing spirituous liquors without license, is an offense punishable under the statute.—R. C. § 3678.  A single act of illicit retailing constitutes the offense, and each separate act is indictable.  The engaging in, or carrying on the business of retailing, without license, is another offense—a violation of the revenue law—differently punishable, and not capable of commission by a single act.— *Harris v. State*, 50 Ala. 127; *Weil v. State*, 52 Ala. 19.  The indictment charges the latter, not the former offense.  The only evidence given in support of it, was a single act of retailing; and on such evidence, the court erred in instructing the jury, if they believed it, they must find a verdict of guilty.  The distinction between the two offenses, and the forms of indictment for each, and the nature and character of evidence to support the different accusations, is apparent from the authorities to which we have referred.

The judgment must be reversed, and the cause remanded.

[Nixon v. The State.]

Let the appellant remain in custody, until discharged by due course of law.