[Sanders v. Tho State.]

# Sanders v. The State.

58 371
96 61

*Indictment for Retailing Liquor without License.*

1. *Statute on retailing not repealed by revenue law.*—Section 3618 of the Revised Code, prohibiting the retailing of spirituous liquors without license, is not repealed by the Revenue Act of 1868, punishing "engaging in, or carrying on, the business of retailing" without license.

2. *Retailing without license, one act sufficient; not so with "engaging in business,"* &c.—Under an indictment for retailing without license, a single act of unlawful retailing will sustain a conviction, while the "engaging in or carrying on the business of retailing," is a different offense, and requires more evidence.—See *Martin's case*, present term.

3. *Charge to find guilty; when should not be given.*—A charge that "if the jury believe the evidence, they must find the defendant guilty," should not be given where the evidence is conflicting, or where, upon the evidence, the jury could legally acquit the defendant.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. H. D. CLAYTON.

No record came to hand of Reporter.

PARKS & HUBBARD, for appellant.

Attorney-General, J. W. A. SANFORD, *contra.*

MANNING, J.—Several decisions in this court have settled that section 3618 of the Revised Code of 1867, was not repealed by the Revenue Act of 1868.—See them referred to in *Martin v. The State,* (of this term). Under the section referred to, it is held that a defendant can be convicted upon proof of a single act of retailing spirituous or vinous liquors without a license; while "the engaging in or carrying on the business of retailing" spirituous or vinous liquors without a license, is held to be a different offense, requiring more evidence to establish it. The demurrer was, consequently, properly overruled.

For the same reason, there was no error in the refusal of the circuit judge to give the charge requested on behalf of the defendant, to the jury.

But there was error in the charge given to the jury at the instance of the solicitor, "that if they believe the evidence, they must find the defendant guilty." Such a charge should not be given, if, upon the evidence in the cause, the jury could

[Snow et al. v. The State.]

legally find a verdict in favor of the accused.—*Walker's Adm'r v. Walker's Adm'r*, 41 Ala. 358; *Freeman v. Scurlock*, 27 Ib. 407; 1 Brick. Dig. 335.

In the present cause, the testimony was conflicting enough to make the jury pause to consider well, which of the witnesses were most entitled to credence, for, if they should believe the two for the defense, it would not be easy to believe, also, the witness for the prosecution. Yet, in such a state of the evidence, the jury would be very apt to understand the instruction—"that if they believe the evidence, they must find the defendant guilty,"—as equivalent to the charge, that there was nothing in the testimony of the witnesses for the defendant, though the jury should believe it all to be true, which was inconsistent with that of the witness against him, or which tended to show that the accused was not guilty.

Upon the evidence set forth in this record, the instruction given at the request of the prisoner was erroneous.

Let the judgment be reversed and the cause remanded.