## Ulmer *v.* State.

*Indictment for selling liquor without License.*

1. *Code of 1876, section 4204 et. seq. construed.*—One of the three offenses embraced in section 3618 of the Revised Code was entirely omitted from the Code of 1876. Section 4204 of that Code punishes the sale of vinous or spirituous liquor, without license, in any quantity, when drank about the premises; and the succeeding section punishes a sale, whether with or without a license, to minors or persons of known intemperate habits; but the third offense,—selling vinous or spirituous liquor in any quantity less than a quart,—was entirely omitted; and hence from December 9th, 1877, the date when the Code of 1876 went into effect, until the statute of December 30th, 1878, which remedied the defect, there was no law punishing the selling, without license, of vinous or spirituous liquor in any, the smallest quantity, unless it was drank on the premises, or unless the seller " *engaged in, or carried on* " the business without license.

2. *Indictment; what insufficient.*—An indictment which merely charges a sale of vinous or spirituous liquor, without license and contrary to law, &c., is insufficient as to cases falling under section 4204, and 4274 of the Code of 1876; in the one case it is necessary to aver that the liquor was drank about the premises, and in the other, that the accused " did engage in or carry on the business," &c.

3. *Same; what cases covered by section 4806 of Code of 1876.*—Under section 4806 of the Code, an indictment charging that the defendant " sold vinous or spirituous liquor, without license and contrary to law," &c., is sufficient, when an unlicensed " retailer," sells liquor of any kind in any quantity, if the same is drank on or about his premises, and is also good for violation of any special and local laws; that section, however, applies only to unlicensed retailers that were punishable under the Code of 1876, and is not sufficient in prosecutions under sections 4205 and 4206 of that Code.

4. *Same; what indictment sufficient, since act of December 3d, 1878.*—Since the enactment of December 3d, 1878, it would seem that the form of indictment pursued in this case is sufficient, in cases where a retailer sells vinous or spirituous liquor, of any kind, in any quantity less than one quart, or in any quantity, if the same, or any portion thereof, is drank on or about his premises. It has no reference to offenses by licensed retailers, or to the offenses defined in sections 4205 and 4206.

5. *Cases followed. Finley v. The State, ante p. 201,* followed as to the organization of grand juries.

APPEAL from Circuit Court of Dallas.

Tried before Hon. GEORGE H. CRAIG.

The appellant, Ulmer, was convicted under an indictment found in November, 1878, which charged that before the finding thereof, he " sold vinous, or spirituous liquors without license and contrary to law, against the peace," &c.

The evidence showed that within twelve months before the finding of the indictment, and in one mile of the town of Orrville, in Dallas county, the " defendant, in the fall of

[Ulmer v. State.]

1878, sold all kinds of liquor in a temporary bar-room," on the fair grounds, while a fair was being held. The defendant moved to exclude all this testimony, on the ground that the act of the legislature, forbidding the sale of liquor within five miles of Orrville—approved March 5th, 1875—and which was read in evidence, repealed the general law against retailing, and that the offense charged was covered by said local act. The court refused to exclude the testimony, and defendant excepted. The foregoing was all the evidence.

The court of its own motion charged the jury, 1st. That if they believed from the evidence beyond a reasonable doubt, that the defendant did within twelve months before the finding of the indictment in this cause, in Dallas county, and State of Alabama, in any kind or in any quantity, sell any vinous or spirituous liquors, and that the same was drank on or about the premises where the liquor was sold, then the defendant would be guilty, as charged in the indictment. 2d. The fact that there was a local law prohibiting the sale of liquors at or near Orrville, made no difference, and that the defendant could be convicted under the general law as charged in the indictment, although the evidence showed that the liquor was sold in one mile of Orrville, Dallas county. The defendant separately excepted to each part of said charge, and requested the court to charge the jury "that if they believed the evidence they must acquit the defendant." This charge was refused, and he excepted. The judgment-entry recites that a demurrer to the indictment was overruled, but the demurrer is not set out. The minute-entry of the organization of the grand jury recites, that a sufficient number of persons summoned as grand jurors, not appearing, "by order of the court a sufficient number of names to complete the grand jury from the persons present in the court-room, were placed upon strips and regularly drawn, and the grand jury stood as follows."

The various rulings to which exception was reserved, and the illegality of the formation of the grand jury, are here assigned as error.

JOHNSTON & CLARK, for appellant.—The indictment does not pursue any form provided by law; and it was necessary that it should have charged every ingredient of the statutory offense. It should have charged where the offense was committed—the person to whom the liquor was sold—the particular kind and the quantity in which it was sold, whether vinous or spirituous, and that it was drank on the premises.

45 Ala. 86; 18 Ala. 112; Code of 1876, § 4785. The charge of the court should have embodied all the ingredients of the offense.—54 Ala. 224; 44 Ala. 416; 17 Ala. 181.

The order as to the completion of the grand jury, was illegal and without anthority. The Code prescribes the only mode in which the jury could be completed. The statute imposes duties on the sheriff, which the order took away from him. A body so organized is not a legal grand jury, and its indictment is invalid.

HENRY C. TOMPKINS, Attorney-General, contra.

STONE, J.—Section 3618 of the Revised Code is, in substance, what had been statutory law in this State for many years, except that one provision as to its punishment was then of recent enactment.—Code of 1852, sections 1058, 1059, 3280; Stone & Shepherd's Penal Code, section 76; Clay's Dig. 554, section 4. As found in the Revised Code, the section provides that if an unlicensed retailer "sells vinous or spirituous liquors of any kind in quantities less than one quart, or by the quart or less quantity, to any person of known intemperate habits, or in any quantity if the same is drunk on or about his premises," must, on conviction, be fined, and may be imprisoned, or sentenced to hard labor for the county. This section, as will be perceived, embraced three distinct offenses; first, any sale, in quantity less than one quart, no matter to whom made, or where drunk; second, any sale in quantity not exceeding one quart, to a person of known intemperate habits; third, a sale in any quantity, if the same is drunk on or about the premises of the seller. This section, as we will hereafter show, has been many times construed in this court. It has long been the settled policy of this State to tax the traffic in ardent, vinous or malt liquors, by requiring that persons engaging therein shall first take out a license. In the revenue law of February 19, 1867, section 106—Pamph. Acts, 295—it is declared to be a misdemeanor in any person who does any act or does any business for which a license is required to be taken out, or tax paid under certain sections of that act—(retailing spirituous or vinous liquors is embraced in them—) without having first taken out and paid for such license, or paid such tax; and the offender shall be fined double the amount of such license or tax so required. This section of the revenue law was made section 3652 of the Revised Code. In the revenue law approved December 31, 1868, section 111, Pamph. Acts 330,

it is declared, " That any person who, after the third Monday in March in 1869, shall be engaged in, or carry on any business or profession, or do any act, for the doing, prosecuting, or carrying on of which a license is by law required to be taken out, without having paid for and taken out such license, shall be deemed guilty of a misdemeanor, and shall be fined three times the amount of such license, and may be confined in the county jail not exceeding one year, at the discretion of the court." This court ruled that this section of the revenue law defines a new and distinct offense, is not repugnant to section 3618 of the Revised Code, and that both statutes were of force. Under the former law it was held that any one act done in violation of its provisions, exposed the offender to its penalties. To sustain an indictment under the revenue law, it was held that the accused must have *engaged in* the business; or, where the act constituting the offense was not a continuous profession or occupation—(the exhibition of a show, for instance—) must have done *the act* charged against him.—*Martin v. The State*, 59 Ala. 34 ; *Mulvey v. The State*, 43 Ala. 316 ; *Lillenstein v. The State*, 46 Ala. 498 ; *Campbell v. The State*, 46 Ala. 116 ; *Hafter v. The State*, 51 Ala. 37 ; *Weil v. The State*, 52 Ala. 19 ; *McPherson v. The State*, 54 Ala. 221 ; *Lawson v. The State*, 55 Ala. 118.

Section 4204, Code of 1876, representing section 3618 of the Revised Code, is so altered as to read as follows : " Any person who, not having first procured a license as a retailer from the proper legal authority, under the revenue law, sells vinous or spirituous liquors of any kind in any quantities, if the same is drunk on or about his premises, must on conviction be fined," &c. It will be readily seen that section 4204 omits two of the three offenses embraced in section 3618 of the Revised Code. Section 4205 provides for one of the omitted offenses ; while the other—selling " vinous or spirituous liquors of any kind in quantities less than one quart," is nowhere retained. To be " engaged in, or carrying on any business for which a license is required, without having taken out such license," is retained as a misdemeanor, and constitutes section 4274 of the Code of 1876. It is thus shown that after the Code of 1876 went into effect—December 9, 1877—there was no punishment in this State for selling without license spirituous or vinous liquors, in any the smallest quantity, unless the liquor was drunk on or about the premises of the seller, or unless the seller *engaged in, or carried on* the business, without first taking out a license. True, certain other statutory offenses, falling under this head,

[Ulmer v. State.]

were retained ; such as selling to minors, students of schools, persons of known intemperate habits, &c. Those, however,. do not affect this case.

The indictment in the present case would have been sufficient under section 3618 of the Revised Code. It is fatally defective under section 4274 of the Code of 1876. An indictment under that section, to be good, must aver that the accused was engaged in, or carrying on the business. Form of indictment numbered 30 in the Revised Code, *Retailing without License*, is omitted from the Code of 1876 ; done, we suppose, because the codifiers had materially changed the the provisions of section 3618, to which that form was adapted. The later Code, however, contains forms intended to apply to this changed section—(No. 4204, 5, 6 of the Code of 1876—) numbered 58, 59, 60. But they retained section 4133 of the Revised Code, and made it 4806 of the Code of 1876. That section declares, that " in an indictment for retailing vinous or spirituous liquors without a license, it is sufficient to charge that the defendant sold vinous or spirituous liquors without a license, and contrary to law ; and on the trial, any act of retailing in violation of law may be proved ; and for all violations of any special and local laws regulating the sale of spirituous liquors within the place specified, the common form of indictment under this section shall be held good and sufficient in law." This section, we hold, makes the indictment found in this record sufficient, when an unlicensed retailer " sells vinous or spirituous liquors of any kind in any quantities, if the same is drunk on or about his premises." It would also be good and sufficient for " violations of any special and local laws regulating the sale of spirituous liquors within the place specified ;" for such is the language of the statute. It applies, however, only to unlicensed retailers that were punishable under the Code of 1876, and would not be sufficient, in prosecutions under sections 4205 and 4206 of that Code. What we here say refers alone to the Code of 1876, as it was adopted. The omission in the Code has been remedied by statute of December 3d, 1878, which again makes it an indictable offense in any person who sells vinous or spirituous liquors of any kind in any quantity less than one quart, without having first procured a license as a retailer. Pamph. Acts, 71. The result of this enactment probably is, to restore the fitness and sufficiency of the indictment found in this record, where an unlicensed retailer sells vinous or spirituous liquors of any kind in any quantity less than one quart, or in any quantity if the same, or any portion thereof,.

[Steele v. The State.]

is drunk on or about his premises.   It has no reference to
offenses by licensed retailers, or to the offenses defined in
sections 4205 and 4206 of the Code of 1876.

Some of the rulings of the Circuit Court are not reconcila-
ble with our views given above, and the result is that the
judgment must be reversed.   But, inasmuch as the facts of
this case may bring it within the provisions of the statutes,
as they remained of force after the Code of 1876 went into
effect, we will remand the cause.

The question on the organization of the grand jury by
which this indictment was found, was considered and decided
in the case of *Finley v. The State, ante p.* 201.   We need
not consider it farther.   That decision will lead to the quash-
ing of this indictment, when the case returns to the Circuit
Court.

Let the defendant remain in custody until discharged by
due course of law.