# Schmidt & Smith *v.* Joseph and Wife.

*Action by Material-Men, to enforce Statutory Lien.*

1. *Statutory lien of material-men; when enforced against wife's property.*—The statutory lien given to contractors, material-men, &c., for work done, or materials furnished (Code, §§ 3440–61), may be enforced against property held by a married woman as an equitable separate estate, the title being in a trustee for her use and benefit, when it is shown that the contract was made by her husband, with her knowledge, and without dissent or disapproval on her part, and that she has enjoyed the use and benefit of the work or materials.

2. *General charge on evidence, in favor of defendant.*—A general charge on the evidence, when requested by the defendant, is equivalent to a demurrer to the evidence, and should never be given, when there is any evidence, however slight, tending in the opposite direction.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by the appellants, suing as partners, against Anthony Joseph and his wife, Mrs. Catherine Joseph; and sought to enforce a statutory lien upon a dwelling-house in which the defendants resided, and the title to which was in a trustee for the sole and separate use and benefit of Mrs. Joseph, under a deed from her said husband, for materials furnished by plaintiffs, and used in putting improvements on the house, consisting of doors, sash, blinds, locks, &c., amounting to $96. On all the evidence adduced by the plaintiffs, the defendants adducing none, the court charged the jury, if they believed the evidence, they must find a verdict for Mrs. Joseph; and this charge, to which the plaintiffs duly excepted, is now assigned as error.

WATTS & SONS, for appellants.

JOS. S. & JNO. GINDRAT WINTER, *contra*.

STONE, J.—Our statutes give a lien to mechanics, employes, and material-men, for work or labor performed, and for materials furnished, under any contract with the owner or proprietor thereof, or his agent, trustee, &c.—Code of 1876, § 3440. "Every person, including all *cestuis qui trust,*

for whose immediate use, enjoyment or benefit, any building, erection or improvement, shall be made, shall be included by the words, 'owner or proprietor thereof,' under this chapter, not excepting married women as to their separate property."—Code, § 3460.

The present suit is by material-men, to recover for materials furnished in the building or improvement of a dwelling-house, on a lot, the title to which was and is in a trustee, for the separate use of Mrs. Joseph, the female defendant; an equitable separate estate, of which she was and is *the cestui que trust.* There seems to have been no dispute in the court below that the materials were furnished by plaintiffs, as claimed by them; that they were employed in the improvement of a dwelling-house on the lot of Mrs. Joseph; and that the dwelling, in the improvement of which they were used, was for her immediate use and enjoyment as a dwelling.

In *Ex parte Schmidt & Smith,* 62 Ala. 152, we laid down rules, which will fasten a lien on the property sought to be charged in this case, if the materials were furnished under a contract with Mrs. Joseph, her trustee, or agent, and the plaintiffs have complied with the provisions of the statute. That plaintiffs made out their claim, and filed it properly, and commenced this suit within ninety days thereafter, are facts shown by the record, and not controverted here. The real and only question is, were the articles bought with Mrs. Joseph's authority, or did she ratify the purchase? It is not shown in this record, under what contract Wright & Summerville undertook to make the improvement—whether they were to furnish materials or not. It is not shown that the materials have been paid for, to any one; either to Wright & Summerville, or any one else. The materials were selected by Anthony Joseph, the husband, and the defendants have had the benefit of them. The Circuit Court, at the request of the defendant's counsel, gave the following written charge: "If the jury believe the evidence, they will find for the defendant, Mrs. Catherine Joseph." This charge, it has been said, is equivalent to a demurrer to the evidence, and should never be given, if there is any evidence, no matter how slight, tending in the opposite direction.—1 Brick. Dig. 335, §§ 1 and 3; *Sanders v. The State,* 58 Ala. 371. Looking into the evidence in this record, we do not think it would have justified a demurrer to it. The articles purchased were selected by Mrs. Joseph's husband, and were put in the house with her knowledge. She is enjoying the use and benefit of them, and we are not informed she expressed any dissent from such use. If she authorized her husband to make

[Bell & Bell v. Wilkinson.]

such selection and purchase, or if she sanctioned and ratified the purchase, knowingly, after if was made, this binds her property for the value of the goods; and these facts may be proved by circumstances, as well as by direct proof, if sufficient to satisfy the jury. A material factor in the solution of this inquiry, will be found in the terms of the contract made with Wright & Summerville, the contractors. If they were to furnish the material, as well as the mechanical labor, then inquiries will arise under other sections of the Code.—See sections 3441, 3444, 3457, 3458. If, however, Mrs. Joseph was to furnish the materials, or, what is the same, was to become direct payor to the material-men, then it would appear to be of minor importance, who made the selection, provided she accepted and used the articles purchased. Such acceptance and use would justify the jury in finding there was a ratification of the purchase. The Circuit Court erred in the charge given.

Reversed and remanded.