# Boon *v.* The State.

### *Indictment for Retailing.*

1. *Retailing ; violation of local law ; sufficiency of indictment.*—Under the statute (Code of 1876, § 4806), a defendant may be convicted of the violation of a local law prohibiting the sale of spirituous liquors, under an indictment charging that he "did sell vinous or spirituous liquors without a license and contrary to law."

APPEAL from Randolph Circuit Court.

Tried before Hon. JAMES E. COBB.

The indictment in this case charged that the defendant " did sell vinous or spirituous liquors without a license and contrary to law." The evidence on the trial disclosed that under and in pursuance of an act of the General Assembly, authorizing elections to be held in the county of Randolph and other counties therein named, for the purpose of prohibiting the sale or other disposition of vinous or spirituous liquors within certain limits in such counties, approved March 19th, 1875, (Pamph. Acts 1874–5, p. 276), an election and other proceedings prescribed by the act were duly had within a given territory which embraced the county of Randolph, prohibiting the sale or giving away of vinous or spirituous liquors in that territory ; and that the defendant within twelve months before the finding of the indictment, and, in the county of Randolph, sold a bottle of intoxicating bitters. Under the rulings of the Circuit Court the defendant was convicted. The question raised in the court below, and reserved for · the consideration of this court, is whether the defendant could be convicted for a violation of the local statute under the indictment returned against him.

SMITH & SMITH, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The question raised by this record was decided

adversely to appellant in *Ulmer v. The State*, 61 Ala. 208, and in *Powell v. The State, ante* 10.  See, also, *Elam v. The State*, 25 Ala. 53.

Affirmed.