# Youngblood & Ehrman *v.* McAnally.

*Action by Material-man to enforce Statutory Lien.*

1. *Statutory lien of mechanic and material-man, on wife' separate property.*—Under statutory provisions now of force, giving a lien to mechanics and material-men (Code, §§ 3018-46), a married woman may, by verbal contract, without the consent or concurrence of her husband expressed in writing, as required by the general statute relating to her separate estate (*Ib.* § 2346), bind her separate property for work done or materials furnished, thereby creating a statutory lien.

[Youngblood & Ehrman v. McAnally.]

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellants, suing as part-ners, against Mrs. Catherine McAnally, a married woman, to enforce a statutory lien on a house and lot belonging to the defendant, for materials furnished by plaintiff to one W. N. Stage, who was also joined as a defendant, to be used by him in the erection of a house on a lot belonging to Mrs. McAnally, and which were so used. The action was commenced on the 6th March, 1888, and sought to reach and condemn, in the hands of Mrs. McAnally, a balance of $513.48, alleged to be due by her to said Stage at the time plaintiffs notified her of their claim. Mrs. McAnally pleaded her coverture in defense of the suit, and another special plea which alleged, in substance, that no contract in writing for the building or materials was ever made by her, with the assent or concur-rence of her husband, also expressed in writing. The court overruled a demurrer to each of these pleas, and, the plaintiff declining to reply, rendered judgment for the defendant. The judgment on the demurrer is now assigned as error.

PARSONS, DARBY & BURNEY, and WATTS & SON, for the appellants.

F. S. FERGUSON, and W. R. HOUGHTON, contra.

CLOPTON, J.—By this action the appellants seek to enforce a lien for lumber and other materials furnished for the erection of a building on a lot in the city of Birmingham, of which the defendant, Mrs. McAnally, is the owner. The materials were furnished to W. N. Stage, who was engaged in erecting the building under a contract with Mrs. McAnally. To the action she filed a plea of coverture, to which plain-tiffs demurred. The demurrer having been overruled, and plaintiffs declining to take issue on the plea, or to plead over, judgment was rendered for the defendants.

In Ex parte Schmidt, 62 Ala. 252, it was ruled, that under the statutes in force at the time the contract in that case was made, a lien attached to property which was the statutory separate estate of a married woman, for materials furnished under a contract with her husband, in the erection of a dwell-ing thereon for her immediate use, benefit or enjoyment. In Schmidt v. Joseph, 65 Ala. 475, the same ruling was made in respect to property, the title of which was in a trus-

tee for the sole and separate use of Mrs. Joseph—being an equitable, as then distinguished from a statutory separate estate. The correctness of these rulings, under the statutes as they stood at that time, is not questioned, or controverted; but it is contended, that they are inapplicable to a contract made by a wife, without the assent or concurrence of the husband, since the act of February 28, 1887, went into effect. The argument is, that the conclusion in *Ex parte Schmidt*, *supra*, is rested on the trusteeship of the husband, and his general power, as such trustee, to improve the wife's separate property; and that the act of February 28, 1887, which composes sections 2341-2351, inclusive, of Code, 1886, introduced a new system of laws, which abolished the trusteeship of the husband, and abrogated the existing distinction between equitable and statutory separate estates, except as to property conveyed to an active trustee for the benefit of the wife. The insistance is, that the trusteeship being abolished, the decision is inapplicable.

The full extent and effect of the decision in *Ex parte* Schmidt is made manifest by reference to sections 3440 and 3460 of Code, 1876, which were being considered and construed, as compared with the sections of the same Code creating and regulating separate estates, and by reference to the complaint in that case. The first section provided, that every mechanic, or other person, who shall do or perform any work or labor upon, or furnish any materials for any building or improvement upon land, under or by virtue of any contract with the owner or proprietor thereof, or his agent or trustee, contractor or sub-contractor, shall have, upon complying with the provisions of the statutes, a lien to the extent, and in the manner provided, upon the building or improvement, and upon the land upon which the same is situated, for his work and labor done, or materials furnished. The other section declared: "Every person, including all *cestuis que trust*, for whose immediate use, benefit or enjoyment any building, erection or improvement shall be made, shall be included by the words 'owner or proprietor thereof' under this chapter, not excepting married women as to their separate property." The complaint did not aver, that the contract was made by the husband as *trustee*, nor that he was *trustee;* but it substantially alleged, that the contract was made by him as *agent*, and that the work was done on the house, and materials furnished, for the immediate use, benefit and enjoyment of the wife. It was held, that these

averments brought the case directly within the provisions of sections 3440 and 3460.

It is true, that in the opinion rendered reference is made, *arguendo*, to the trusteeship of the husband, and his power as such to contract for the improvement of the wife's separate property, without her participation in making the contract; and it was held that, under the statute, a mechanic who did work, or a material-man who furnished materials, in the erection of a building, or in making improvements on the wife's separate property, under a contract with the husband as trustee, had the statutory lien on such property, if the requirements of the statute were complied with. But it is also said: "We hold further, that the wife, by her own contract for building, improvement, &c., may fasten a lien on her property, if the building, erection or improvement be for her immediate use, enjoyment, or benefit." A contract with the husband as trustee was not essential to create the lien; a contract by the wife, or her agent, was sufficient.

Sections 3440 and 3460 were first enacted by the act of March 6, 1876, the provisions of which act were incorporated in sections 3440–3460, inclusive, of Code 1876; Acts 1875–6, p. 165. Prior thereto, the sections of the Code in relation to separate estates had been enacted, and were in force at that time. Under these sections, the wife had not capacity to contract, or to charge her statutory separate estate with any debt. Even its liability for articles of comfort and support of the household did not arise from the contract of the wife, but was created and fixed by the statute, dependent upon the contract of the husband, express or implied; his personal liability was an indispensable element. In this state of the legislation respecting the capacity of the wife, sections 3440 and 3460 were adopted. The intent of the legislature, and their operation and effect, were to confer authority on the wife to fasten a lien on her separate property, by her own contract, for building on, or improving the same. The act of February 28, 1887, does not operate to diminish, but enlarges the capacity of the wife to contract. Section 2346 of Code, 1886, declares: "The wife has full legal capacity to contract in writing as if she were sole, with the assent or concurrence of the husband expressed in writing." That act did not repeal or modify the operation of sections 3440 and 3460 of the Code of 1876, either expressly or by implication. They are not mentioned in the repealing clause, by which several of the other sections are expressly

repealed by numbers. They are carried and incorporated in the Code of 1886, in language more succinct, but more explicit. The words, *under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, or contractor, or sub-contractor*, are retained in section 3018 of the latter Code. And section 3046 defines who is the owner or proprietor, as used in section 3018, in the following terms: "Every person, including married women and *cestuis que trust* for whose use, benefit or enjoyment any building or improvement shall be made, is embraced within the words, 'owner or proprietor,' as used in this chapter." When we bear in mind, that the trusteeship of the husband was abolished, and the wife was clothed with power to manage and control her separate property without the intervention of a trustee, it seems that the changes in the language, and in the collocation of phrases in those sections, were made in view of the provisions of the new system of laws in relation to separate estates.

Sections 3440 and 3460 were re-enacted by the adoption of the Code of 1886, without material change or modification, and therefore presumably a legislative adoption of the judicial construction which had been placed upon them. These sections, and the sections of the Code relating to separate estates, being in *pari materia*, should be construed in reference to each other—the former, so as to give full effect to the just policy of enactments, declaring liens securing to the mechanic compensation for his labor, and to the material-man payment for the materials furnished for the benefit and enjoyment of others; and the latter, if it can be reasonably done, so as to place it within the power of the wife to improve her separate property. Sections 3018 and 3046 of Code of 1886 may be afforded the same field of operation, and the same effect, in connection with sections 2341–2351, as the corresponding sections of the Code of 1876 in connection with the statutes then in force regulating separate estates. Under the present statutes, the statutory lien in favor of mechanics and material-men may be created and fastened upon the separate property of the wife by her own contract. Authority to make a contract, sufficient to constitute a basis on which the specific lien may be raised, is necessarily implied from the terms of the statutes declaring such lien, though the contract may not be made so as to bind her personally. Coverture is no defense to an action brought to enforce such lien.

VOL. LXXXVIII.

[Moses Brothers v. Johnson.]

This question has been expressly decided at the present term, in *Wadsworth v. Hodge, ante*, p. 500.

Reversed and remanded.