# Cost *v.* The State.

*Indictment For Illegal Sale of Liquors.*

1. *Prohibitory liquor law in Bibb county; sufficiency of indictment.*
The act approved February 28, 1881 (Sess. Acts 1880-81, p. 187), pro-
viding that "it shall be unlawful for any person or persons to sell,
give away, or otherwise dispose of, any spiritous, vinous or malt
liquors, * * * * within the limits of the County of Bibb," a count in an
indictment charging that the defendant "sold spiritous, vinous or
malt liquors without a license, and contrary to law," is sufficient;
the general statute (Code, § 4037) declaring an indictment in that
form sufficient in prosecutions "for any violations of any special and
local laws regulating and prohibiting the sale of spiritous, vinous, or
malt liquors within the place specified."

2. *Engaging in or carrying on business without license; constituents
of the offense.*—Engaging in or carrying on the business of a retail
dealer in spiritous, vinous, or malt liquor, at a place at which the law
does not permit the licensing of such business, is not an offense against
the statute (Code, § 3892) providing for the punishment of any person
who "engages in or carries on any business for which a license is re-
quired, without having taken out such license."

3. *Selling liquor in violation of prohibitory statute; only one act can be
proved.*—When the defendant is charged with selling liquor without
a license and contrary to law, the State should not, against the objec-
tion of the defendant, be allowed to introduce proof of more than one
sale.

APPEAL from the Circuit Court of Bibb.
Tried before the HON. J. R. DOWDELL.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The act approved February 23, 1881—
Sess. Acts, 187—enacts, "That from and after the first of April,
1881, it shall be unlawful for any person or persons to sell,
give away, or otherwise dispose of any spiritous, vinous or
malt liquors, intoxicating bitters, or any intoxicating bever-
age of any kind or description, within the limits of the
County of Bibb." The indictment against the defendant, on
which he was tried, contains two counts. The first charges
that the defendant "sold spiritous, vinous or malt liquors
without a license, and contrary to law." This is sufficient,
when the offense is retailing without a license as a retailer.
Code form 78. Section 4037 of the Code declares that an
indictment in this form shall be sufficient, when the charge
is that the defendant retailed spiritous, vinous or malt li-

quors without a license. It is also declared to be sufficient in prosecutions "for any violation of any special and local laws regulating or prohibiting the sale of spiritous, vinous or malt liquors within the place specified." There can be no question that this, the first count of the indictment, was sufficient to authorize a conviction under the statute copied above. *Block v. State*, 66 Ala. 492; *Powell v. State*, 69 Ala. 10.

The indictment contains a second count, charging that defendant "engaged in or carried on the business of a retail dealer in spiritous, vinous, or malt liquors, at a place not in any city, town or village, without a license and contrary to law. To this count there was a demurrer by the defendant, which the court overruled. This is an entirely different offense from the one charged in the first count, and we suppose it was framed under Section 3892 of the Code. *Sanders v. State*, 58 Ala. 371; *Masten v. State*, 59 Ala. 34; *Lawson v. State*, 55 Ala. 118. That statute reaches, and only reaches, cases in which the offender "engages in or carries on a business for which a license is required, without having taken out such license." To come within this statute the act charged must be one which is permitted to be done, but permitted only when a license therefor is obtained. There being no authority for licensing the sale of liquor in Bibb county, the act charged in this second count is not a "business for which a license is required," and hence the defendant has not violated the statute, and, in the nature of things, could not violate it.

Another reason why the second count is not adapted to the case we have in hand: Not only must the business, for engaging in which the prosecution is instituted, be one for which the State exacts a license. The amount charged by the State for such license is made the predicate upon which the only punishment for the offense must be determined. "Three times the amount of the State license," is the only penalty prescribed. In Bibb county no license to sell intoxicants could be obtained—the statute interdicted it—and hence there was and could be no criterion or basis by which to measure the punishment. Section 3892 is a revenue law. *McPherson v. State*, 54 Ala. 223; *Lawson v. State*, 55 Ala. 118; *Ulmer v. State*, 61 Ala. 208. The demurrer to the second count ought to have been sustained.

The second count being bad, the first was the only proper charge upon which the defendant could be tried. That count charged the act of selling without a license and contrary to law. Under such charge it was error to receive proof of more sales than one, against the objection of de-

fendant. *Elam v. State*, 26 Ala. 48; *Mayo v. State*, 30 Ala. 33; *McPherson v. State*, 54 Ala. 221; *Sanders v. State*, 58 Ala. 371; 3 Brick. Dig., 268 §§ 242, 243.

On another trial there, no doubt, will be proof positive that the sale was made in Bibb county. We need not consider that question.

Reversed and remanded.