# Nicrosi et al v. The State.

*Indictment for Retailing without License, under Section 3618 of Rev. Code.*

1. *Retailing without license under section 3618 of Rev. Code; what constitutes.* — A restaurant keeper, regularly licensed as such by the city of Montgomery, having a wholesale, but no retail, license from the State, who sells vinous liquors only to persons taking meals at his restaurant, the liquors being drunk by them only while eating, is guilty of an indictable offence under section 3618 of the Revised Code.

2. *Same; sufficiency of indictment for.* — *Mulvey* v. *The State* (43 Ala. 348), and *Campbell* v. *The State* (46 Ala. 116), reaffirmed as to the sufficiency of the form of indictment under section 3618 of the Revised Code.

APPEAL from City Court of Montgomery.

Tried before Hon. JOHN A. MINNIS.

The defendants were indicted for selling " vinous or spirituous liquors without license and contrary to law," against the peace &c., following the form prescribed by the Revised Code. They waived a jury trial and submitted the case, on an agreed state of facts, for decision by the court, which found them guilty and imposed a fine.  To this ruling the defendants excepted and now assign it for error.

The agreed state of facts show that defendants were restaurant keepers in the city of Montgomery, duly licensed as such by the city, and having a wholesale, but no retail, liquor license from the State; " that in their capacity as restaurant keepers they sell wine and ale, by the bottle, to any person who comes into the restaurant and asks for breakfast, dinner, or supper, and that defendants always furnished such ale or wine, when asked for, while the customer was at table eating, to be *drank only while eating or enjoying the meal ;* that it has been the custom in the city of Montgomery, for more than ten years past, to sell wine or ale, by the bottle, to customers while in the restaurant and engaged at meals; that the cost of the wine or ale

furnished is charged and paid for as part of the meal ; that defendants' main business is that of confectioners, and their business of restaurant keepers merely incidental to it."

HERBERT & MURPHY for appellant. — The real object of § 3618 of the Code is to regulate tippling shops, and prevent their being disorderly. We have no statute prohibiting retailing generally. This is a common law right. Bishop Statutory Crimes, § 984. The act for which retailers are required to take out license is the *business* of retailing liquor, when it is the *main business* and not an incident. See *Carter* v. *The State*, 44 Ala. The State gave the city of Montgomery a right to regulate " restaurant " keepers by licensing them, but it passed no state law operating on them as such. The business being lawful, without a license, at common law, and the furnishing of wines at meals being a part, and necessary element, of the meal, how by any fair construction can the act of defendants be brought within the spirit of § 3618 of the Code ? When the legislature gave the city of Montgomery authority to license " restaurant " keepers, and did not itself put any requirement on them, it conferred a right on defendants, when licensed by the city, to carry on the usual business of *restaurants*, which was well known to be the furnishing of food and drink to transient people. The indictment is insufficient. *Harris* v. *The State*, January term, 1874.

JOHN W. A. SANFORD Attorney General, *contra.*

MANNING, J. — Section 3618 of the Revised Code makes it an indictable offence for any " person who, not having first procured a license as a retailer from the proper legal authority, sells vinous or spirituous liquors of any kind . . . . in any quantity, if the same is drunk on or about his premises."

The agreed state of facts in this cause shows that defendants did sell vinous liquors to be drunk and which were drunk on their premises ; but they were so drunk only by persons taking meals at the time at the restaurant in Montgomery which defendants were licensed to keep. And it is ingeniously and elaborately argued that this was not a violation of said § 3618.

We are asked to make an exception in the statute law, which the legislature did not make when it was framed and adopted. If we established such an exception, it would be equivalent to making an addition to the statute, of this effect: provided, it shall be no offence for a licensed restaurant keeper to sell such liquors to his customers to be drunk while they are taking meals on his premises.

[Brown *v.* State.]

Suppose an amendment, such as this suggested proviso, had been offered while the enactment was pending in the legislature; have we any warrant for saying it would have been adopted? May not the general assembly have thought that the making of such an exception would lead to the establishment of a great many restaurants, in which the liquors would be the chief article purchased and partaken, and the solid food a mere incident or pretence; and which, nevertheless, it would be very difficult, if not impossible, to abate? See *Pierce &amp; Baldwin* v. *Pass &amp; Co.* 1 Port. 232. It was very easy, if the legislature was willing such an exception should be made to the law, for it to make it. For us by construction to make it would, we think, be an exercise of a power denied to the judicial department, — and an invasion of the province belonging to the general assembly alone.

The indictment is in the form prescribed by the Code, and has been held to be sufficient under § 3618 of the Revised Code. *Mulvey* v. *The State*, 43 Ala. 318; *Campbell* v. *The State*, 46 Ala. 116.

We think there is no error in the matters brought to our attention. And the judgment of the court below is affirmed.