SKERMETTA *v*. STATE.

[65 South. 502.]

INTOXICATING LIQUORS. *Sales. Acts constituting.*
    A boarding house keeper who serves wine to his guest with their meals without extra charge for the wine is guilty of the unlawful sale of intoxicating liquors.

APPEAL from the circuit court of Harrison county.
HON. J. I. BALLENGER, Judge.

John Skermetta was convicted of the unlawful sale of intoxicating liquors, and appeals.

The facts are fully stated in the opinion of the court.

*Mize & Mize,* for appellant.

*Ross A. Collins* and *J. M. Vardeman,* for appellee.

COOK, J., delivered the opinion of the court.

Appellant is an Austrian and resides at Biloxi. The home of appellant seems to have been headquarters of the Austrian boatmen visiting the port of Biloxi. It seems that the officers of the law had been watching the home of appellant for some time, and had observed that card playing had been engaged in by appellant and his guests, who were, in the main, also Austrians. One of the officers testified that he saw appellant and his guests gambling, and, while gambling, they were drinking wine. However, we think the officer meant to say that he saw them playing cards and drinking, and merely assumed that they were gambling.

Following the espionage of the officers, a raid and search was made. In an outhouse, or warehouse, on the premises was found two casks of beer and one cask of wine; in the ice box in the dwelling several dozens of bottles of beer were found.

The record seems to establish that the beer and wine were not kept with the intention of selling same in the ordinary sense. There seems to be no reason to doubt that the beer did not belong to appellant. The cask of wine did belong to appellant and was kept for his own use and for his boarders. The record shows that appellant had three boarders to whom was served wine at dinner, for which board they paid seventy-five cents per day. It is insisted, however, that no extra charge was made for the wine, but it appears that the wine was a part of the dinner.

It is the contention of appellant that he was merely following the habit of a lifetime, and that in Austria wine

formed a part of every dinner as a matter of course and as a universal custom. His boarders were also Austrians, and, from the evidence, we conclude that to the boarders a dinner without wine would not deserve the name of dinner.

Upon this state of facts the trial court granted the following instruction to the jury, at the request of the state, viz.:

"The court instructs the jury for the state that if they believe from the evidence, beyond a reasonable doubt, that the defendant kept in his possession wine or beer to be served at his table, and that he did serve beer or wine at his table to a boarder or boarders, who paid him seventy-five cents per day for such board, then the defendant is guilty, and the jury should so find."

The defendant asked this instruction, which was refused, viz.:

"The court instructs the jury that the fact that the defendant served wine with his meals, if he did not charge for the wine, extra, he violated no law so far as serving the wine was concerned."

It is said that the instruction granted for the state amounted to a peremptory instruction, and was error.

In *State* v. *Lotti*, 72 Vt. 116, 47 Atl. 392, the court said:

"The respondent kept a boarding house, with sixteen boarders and lodgers and two or three boarders. At dinner and supper he furnished them with ale and wine, and they were accustomed to drink it. The boarders and lodgers paid the respondent sixty cents per day for their board and lodging. The furnishing of the ale and wine by the respondent to his boarders, as a part of their meals, was in effect a sale to them of so much ale and wine as they drank, and the keeping of it by the respondent for that purpose was unlawful. The case is not within section 4462, V. S., providing that the words 'give away,' as used in chapter 187 V. S., shall not apply to the giving away of liquors by a person in his private dwell-

ing. The question was whether the transaction was a sale, not a gift, and the case was submitted upon the ground that the ale and wine were furnished for pay as a part of the meals. There was testimony to support the claim, the charge was correct, and the verdict must stand. If a 'person in his private dwelling' furnishes a man his dinner, and with it, and as a part of it, intoxicating liquors, and receives pay for it, such transaction is a sale of the liquor so furnished."

The rule announced in the foregoing opinion is supported by *State v. Intoxicating Liquors,* 44 Vt. 208, and by *Nicrosi v. State,* 52 Ala. 336.

It seems to us that the cases just quoted correctly announce the law, and, so believing, we think the trial court did not err in granting the instruction for the state and refusing the one requested by defendant.

*Affirmed.*