# Sills *v.* The State.

*Indictment for Retailing Spirituous Liquors without License.*

1. *Sufficiency of indictment.*—In an indictment for retailing liquors without a license (Code, § 4806), it is sufficient to charge that the defendant " sold vinous or spirituous liquors, without a license, and contrary to law."

2. *Exculpatory declarations of defendant.*—The declarations of the defendant himself, at the time of the sale of the liquor, speaking of it as *medicine*, do not tend to prove that it was anything else than intoxicating liquor; and do not justify a charge based on the assumption that there was evidence tending to show that it was medicine.

FROM the Circuit Court of Covington.

Tried before the Hon. H. D. CLAYTON.

"On the trial of this cause," as the bill of exceptions states, "issue being joined on the plea of not guilty, the State introduced W. C. Loftin, as a witness, who testified that, within twelve months before the finding of the indictment, and in said county, he met the defendant, who was driving a buggy, selling pills, liniments, and other things, and asked him for some whiskey; that defendant replied, '*he had some medicine that would do him good,*' and thereupon produced from his buggy a bottle containing some liquid, out of which he (witness) took two drinks, or doses, drinking it from the bottle; that the bottle had no label on it, but was just such a bottle as is ordinarily used for keeping whiskey in; that the liquid tasted just like whiskey, was in all respects like whiskey, and had the same effect upon him as whiskey; that no particular quantity was prescribed, or recommended to be taken; that he treated a friend at the same time to a drink, or dose, out of the bottle, and paid the defendant thirty cents for the three drinks, or doses; that he had been in the habit of drinking whiskey for many years, and was familiar with its taste, smell, and effects; that the liquid sold to him by the defendant was whiskey, and contained no other material or ingredient that he could discover. This being all the evidence, the defendant asked the court, in writing, to charge the jury, 'that unless the evidence satisfied them, beyond all reasonable doubt, that the article sold by the defendant to said witness was not a compound of whiskey and other articles of medicine, and that it was a vinous or spirituous liquor, then the defendant is not guilty;' and further, 'that if the jury believe, from the evidence, that the defendant,

[Childs v. The State.]

while he was in possession of said article sold by him to the witness, stated that it was medicine, and that there is no evidence that it was a vinous or spirituous liquor, then they should find the defendant not guilty.' The court refused each of these charges," and the defendant duly excepted to their refusal.

W. D. ROBERTS, for the appellant.

T. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The indictment charges, that the defendant "sold vinous or spirituous liquors, without a license, and contrary to law;" and this was sufficient, under the express provisions of section 4806 of the Code (1876).—*Powell v. The State*, 69 Ala. 10; *Ulmer v. The State*, 61 Ala. 208. The demurrer was, therefore, properly overruled.

The evidence had no tendency to prove that the liquor sold by the defendant to the witness, Loftin, was anything else than whiskey, or other spirituous liquor of like taste and effect. There was no evidence that it was a medicine other than mere whiskey. The declarations of the defendant at the time of the sale, characterizing it as such, had no tendency to prove the fact. The charges requested were, for this reason, abstract, because they were unsupported by any evidence. They were, therefore, properly refused.

Judgment affirmed.