# Olmstead *v.* The State.

### *Indictment for Selling Liquor without License.*

1. *General and local laws against retailing.*—Under an indictment in the general form, charging that the defendant "sold spirituous, vinous, or malt liquors, without a license, and contrary to law" (Code, § 4037), it is immaterial whether the general statute, or a local prohibitory law, was in force in the particular locality, since proof of a sale would authorize a conviction in either event.

FROM the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

The indictment in this case charged that the defendant, Percy Olmstead, "sold spirituous, vinous, or malt liquors, without a license, and contrary to law." On the trial, as the bill of exceptions states, "the defendant moved the court to require the prosecutor to select under what law the defendant was prosecuted; to which the solicitor replied, under section 4036 of the Code." The State then introduced one Clark as a witness, who testified that, within the time covered by the indictment, he bought a pint of lager-beer from the defendant, at his place of business in Anniston. The defendant moved to exclude this evidence from the jury, "on the ground that said section 3046 of the Code was not in force in that part of Calhoun county when said offense was alleged to have been committed;" and in support of this motion introduced and read the act of the General Assembly of Alabama approved January 23d, 1872, entitled "An act to prohibit the sale of spirituous liquors in the town of Oxford,

[Olmstead v. The State.]

and within five miles thereof."—Sess. Acts 1871-2, p. 193. Several other local laws relating to the sale of spirituous liquors in Calhoun county, or parts of that county, were read in evidence; and the principal question in the case seems to have been as to the force and effect of these several laws, and proceedings had at a local election held in the county; but no specific question is stated by motion, objection, or otherwise, though the various proceedings are set out at length, and the opinion of this court renders it unnecessary to set them out in full. The court overruled the objection to the evidence, and admitted it; and instructed the jury, that they must find the defendant guilty, if they believed the evidence. To each of these rulings the defendant excepted.

CALDWELL & JOHNSTON, and KELLY & SMITH, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—Whether the general criminal statute against retailing without a license, or a special and local law prohibiting the sale of spirituous, vinous or malt liquors, was in force in the locality where the offense was committed, is immaterial. In either event, defendant sold malt liquors without license, and contrary to law. Section 4037 of the Code declares, that in an indictment for such offense "it is sufficient to charge that the defendant sold spirituous, vinous or malt liquors, without a license, and contrary to law; and on the trial, any act of retailing in violation of the law may be proved; and for any violation of any special and local law regulating and prohibiting the sale of spirituous, vinous or malt liquors within the place specified, such form shall be held good and sufficient." Under this section, the indictment, which is in the general form allowed by the Code, is sufficient in either case.—*Ulmer v. State*, 61 Ala. 208; *Sills v. State*, 76 Ala. 92.

The City Court did not err in refusing to exclude the testimony of the witness.

Affirmed.