## W. H. PERKINS ET AL. *v.* M. V. B. LEDBETTER.

SALE OF LIQUORS. *Granting of license. Discretion. Chap.* 39, *code* 1880.
Under chap. 39, code 1880, in relation to the sale of liquors, providing that boards of supervisors and corporate authorities "shall have power" to grant license, upon a petition signed by a majority of voters, the granting of such license is never obligatory, but in the discretion of the authorities, they may refuse it, although all the provisions of law have been complied with.

FROM the circuit court of Monroe county.

HON. LOCK E. HOUSTON, Judge.

Ledbetter, the appellee, desiring to obtain license to retail intoxicating liquors in Aberdeen, Monroe county, filed a petition with the corporate authorities, as provided by chap. 39, code 1880. The said county never having held an election under the "local option" law of 1886, said petition was filed under the provisions of the code, and when published and filed was signed by a majority of the legal voters of said city. A counter-petition, signed by appellant and many others, was presented, and a controversy arose before the city authorities as to which petition contained a majority of the legal voters. Several names signed to the petition had been

procured to be signed to the counter-petition, but before the latter was filed some of those who had signed it were prevailed on to petition the board of selectmen to have their names erased from the counter-petition and again placed on the petition. Pending the consideration of the application, several other changes were made, and certain names of persons, not deemed to be legal voters, were stricken from the petition.

. After considering the matter the board of selectmen decided that the petition, after all the changes were made, did not contain a majority of the legal voters of the city, and refused the application. On appeal to the circuit court this decision was reversed, and the case comes to the supreme court on an appeal taken in behalf of the counter-petitioners.

*Sykes & Richardson,* for appellants.

*E. H. Bristow* and *Houston & Reynolds,* for appellee.

CAMPBELL, J., delivered the opinion of the court.

All that has been urged in support of the action of the circuit court, in reversing the order of the municipal authorities of the city of Aberdeen, and granting license to sell vinous and spirituous liquor by retail in Aberdeen, may be admitted, and still the judgment of the circuit court must be reversed, and vacated, and the order of the authorities reinstated.

The circuit court proceeded on an erroneous conception of the admirable law entitled "*An act in relation to the sale of vinous and spirituous liquors,*" in the code of 1880, by which, happily, this case is governed, since it has not been superseded in Monroe county by that mischievous law, approved March 11, 1886, miscalled a "*local option* law."

The code chapter cited provides a simple, direct, inexpensive and complete system by which the will of every local community constituting a supervisor's district or an incorporated town may be manifested to prohibit the retailing of liquors in such territorial limits. It is made unlawful to sell without license, and obtaining license is made impossible, if a majority of the legal voters are not

actively in favor of it, for the applicant for license must present a petition 'for it, signed by a majority of legal voters resident in district or town, and it has to lay over one month, and be published, so as to show what names are on it, and give time for counter-petitions, and any name on both petitions is to be counted against the granting of license.   Besides this, a majority of legal voters in district or town may at any time, and without reference to any person, quietly and without expense or excitement, by the easy process of signing a petition, absolutely inhibit the granting of licenses to anybody, under any circumstances (even though they themselves might afterwards petition for license) for twelve months.   Thus, difficulties are placed in the way of obtaining license, and efficient provision made for an expression of the will of the legal voters *against* granting license, and yet, if every legal voter signs a petition for license, and all the conditions of law are complied with, ever so strictly, a right to have license as the result is not given, for while power is conferred to grant license, when everything required is done, no obligation is imposed to grant it, and it may be legally refused.

It is unlawful to sell without license, and severe penalties are provided, and license can be obtained only in a certain way requiring the action of a majority of legal votes in favor of it, with time and publicity to prevent a community being taken unawares, and preclude imposition by using the names of voters without authority, and, after all, it is discretionary with the board of supervisors or town authorities to refuse license, even when it would be lawful to grant it; but, if a majority of legal voters petition against granting license, none can be had.

The liquor traffic is condemned and prohibited, except upon condition, and there is discouragement and hindrance to its pursuit, while the prohibition of the traffic is encouraged, and the way made easy for any community not in favor of retailing to interdict it.

The code does not, as the act of 1886, cited above, does, make it obligatory upon a board of supervisors or town authorities to grant a license in any case.

We are aware of the doctrine that in some cases *permissive* statutes are construed to be obligatory, but this is not a case of that character, as was long since held, *John Giles's* case, Strange's Rep. 881, which was a proceeding in the 4th year of the reign of George II, to compel the granting of license for an alehouse.

The scheme of the law, set forth in detail above, is to permit the evil of retail shops, if all the difficulties thrown in the way are surmounted, and the county or municipal authorities see proper to exercise the authority conferred to grant license.    They *have power* to grant license, if a majority of the legal voters are *actively* in favor of it, and say so, in the manner prescribed, but are not compellable to do it.    In the exercise of their discretion, they may withstand the pressure of universal desire for retailing.

*The judgment of the circuit court is reversed, the petition for certiorari dismissed, and the order of the municipal board of Aberdeen left in full force, and all costs in both courts adjudged against the appellee.*