# Smith *v.* Town of Warrior.

### *Prosecution for Illegal Sale of Liquor.*

1. *Sufficiency of complaint.*—On an appeal to the Circuit Court, a complaint averring that the defendant "did sell spiritous, vinous or malt liquors in quantities less than one quart, within the corporate limits of the town of W., and that the same is a violation of and contrary to an ordinance of said town," setting out said ordinance, is sufficient and not demurrable.

2. *Municipal corporation; sufficient allegation of its existence.*—A complaint by a town, alleging that the defendant sold liquors within the corporate limits of said town, sufficiently avers that the plaintiff is a municipal corporation.

3. *Municipal corporation, incoporated under the general statute; right to prohibit the sale of liquors at retail.*—A municipal corporation, incorporated under the general statute, has the power to prohibit the sale of liquor within its corporate limits by ordinance properly enacted.

APPEAL from Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.
The facts of this case are sufficiently stated in the opinion.

R. L. THORNTON, for appellant.

JOHN T. SHUGART, *contra.*

STONE, C. J.—Smith, the appellant, was arrested, tried and fined for an alleged violation of an ordinance of the town of Warrior, making it a penal offense to sell spiritous, vinous or malt liquors within the corporate limits of said town, in less quantities than one quart. From the judgment of conviction he appealed to the Circuit Court. In the Circuit Court a complaint was filed, setting out a copy of the ordinance, and averring that the defendant, Thomas L. Smith, "did sell spiritous, vinous or malt liquors in quantities less than one quart, within the corporate limits of the town of Warrior, and that the same is in violation of, and contrary to an ordinance of said town of Warrior, in words and figures as follows, to-wit: 'Be it ordained by the board of corporate authorities of the town of Warrior, that any person who sells, barters, exchanges, gives away, or otherwise disposes of any spiritous, vinous or malt liquors, or intoxicating bitters or beverages, within the corporate limits of the town of Warrior, shall upon conviction be fined,'" &c.

31

To this complaint defendant Smith demurred, assigning causes, as follows:

1. "Said ordinance is void for uncertainty." 2. "Said complaint charges several and distinct violations of said alleged ordinance in one count." 3. "It is not shown in said complaint whether defendant disposed of spiritous, vinous or malt liquors, or intoxicating liquors or beverages, or all of such liquors." 4. "It is not shown by said complaint that plaintiff is a municipal corporation." 5. "It is not shown by the allegations of said complaint that plaintiff had any power or authority to enact such ordinance." 6. "A municipal corporation organized under the general laws of Alabama has no power or authority to enact such ordinance." The demurrer was overruled, and this ruling on demurrer presents the sole question for our consideration.

Under the statute law of this State, section 4385 of the Code of 1886, offenses of the same character, and subject to the same punishment, may be charged in the same count in the alternative. The averment of the sale, found in the complaint before us, would be sufficient in an indictment for retailing spiritous liquors without license, and we can not consistently hold that greater strictness should be required in a proceeding under the ordinance of the town of Warrior. *Burdine v. State*, 25 Ala. 60; *Horton v. State*, 53 Ala. 488; *Williams v. State*, 91 Ala. 14; *Olmstead v. State*, 89 Ala. 16. This principle disposes of the first three grounds of demurrer adversely to appellant.

There is nothing in the fourth assignment of demurrer. The complaint sufficiently avers that the plaintiff is a municipal corporation.

The fifth and sixth assignments of demurrer present the question of the power of a municipal corporation, incorporated under the general statute, to prohibit a sale of liquors at retail within the corporate limits. The language of the statute—Code of 1886, § 1500—is: "The corporate authorities of the town have the following powers: . . . 3. To license, tax, regulate and restrain . . . the retailing of spiritous, vinous and malt liquors within the corporate limits." The word restrain was first incorporated in this statute in the Code of 1886. Its primary meaning is to keep from action, to repress, to prevent, to debar. It is in the connection here used, the legal equivalent of the verb to prohibit, and authorizes municipal corporations incorporated under the general law to prohibit retailing of spiritous, vinous and malt liquors within their limits.

[Moses v. Ingram.]

The Circuit Court did not err in overruling the demurrer to the complaint.

Affirmed.