# Smith *v.* The State.

*Selling Liquor Without License.*

(Decided May 14, 1908.   46 South. 753.)

*Intoxicating Liquors; Illegal Sale; Indictment; Sufficiency.*— Notwithstanding form 79 of indictments, Code 1896, suggest two different forms of indictment, an indictment charging a sale of liquor without license, or for the violation of any special or local laws regulating the sale of liquors, is insufficient, if it fails to aver that the sale was contrary to law.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

N. S. Smith was convicted of selling intoxicating liquor without a license as a retailer, and he appeals. Reversed and remanded.

The first count in the indictment is in the following language: "The grand jury of said county charge that, before the finding of this indictment, Nathaniel S. Smith, without a license as a retailer, did sell spirituous, vinous, or malt liquors."

A. L. McLEOD, for appellant. The 1st count in the indictment is bad.—Secs. 5076-7, Code 1896; *Williams v. The State,* 91 Ala. 14; *Tarkins v. The State,* 108 Ala. 17; *Elam v. The State,* 25 Ala. 53. The evidence should have been excluded.—*Daniels v. The State,* 43 South. 24.

[Askew v. The State.]

ALEXANDER M. GARBER, Attorney-General, for the State.

ANDERSON, J.—An indictment, whether for retailing liquor without a license, or for the violation of any special or local laws regulating or prohibiting the sale of spirituous, vinous, or malt liquors, should aver that the sale was "contrary to law." Section 5077 of the Criminal Code of 1896; *Tarkins v. State*, 108 Ala. 17, 19 South. 24; *Williams v. State*, 91 Ala. 14, 8 South. 668; *Sills v. State*, 76 Ala. 92. The fact that form 79, as set out in the Code of 1896, suggests two different forms, does not dispense with the necessity for the material averment that the sale was "contrary to law." The trial court erred in not sustaining the defendant's demurrer to the first count of the indictment.

Reversed and remanded.

All the Justices concur.