# Brannon *v.* The State.

### *Violating Prohibition Law.*

Decided June 13, 1912.   Rehearing denied July 11, 1912.
59 South. 230.)

*Intoxicating Liquors; Indictment; Sufficiency.*—An indictment charging that the defendant sold spirituous, vinous or malt liquors without license and contrary to law was sufficient to sustain a conviction under Acts 1909, p. 90: the words, "without license" will be regarded as mere surplusage, and hence, will not invalidate the indictment.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Harry Brannon was convicted of violating the prohibition law, and he appeals. Affirmed.

The indictment charges that the defendant sold spirituous, vinous, or malt liquors without license and contrary to law. The demurrers were that the indictment charges no offense, and was predicated upon a statute which did not exist at the time the indictment was returned or at the time when the alleged offense was committed.

PEACH & THOMAS, for appellant. The form of indictment was not appropriate as it charged the sale was without license when no license was permissible under the Fuller and Carmichael Bills. The indictment should have been made to conform to the statute.—*Ullmer v. The State,* 61 Ala. 208; *McPherson v. The State,* 54 Ala. 221; *Mosely v. The State,* 156 Ala. 139.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment was sufficient. The words "without license and

[Edmondson v. The State.]

contrary to law" does not invalidate it, as they will be regarded as mere surplusage.—*Powell v. The State,* 69 Ala. 10; *McCrary v. The State,* 73 Ala. 480; *Armstead v. The State,* 89 Ala. 161; *Mitchell v. The State,* 141 Ala. 90.

PELHAM, J.—The defendant was indicted and convicted for selling prohibited liquors without a license, and contrary to law. The indictment was returned at the fall term of the court, on November 30, 1910. The proof showed the offense to have been committed in the fall of 1910, and within a year before the indictment was returned. The state-wide prohibition laws had been in force for more than a year before the indictment was found. Clearly the indictment was intended to charge a violation of the prohibition laws. The indictment charges an offense against the prohibition laws.— Fuller Bill, Acts 1909, p. 90, § 29½. The words "without a license" are mere surplusage and do not invalidate the indictment.—*Scott v. State,* 3 Ala. App. 142, 57 South. 413; *Mitchell v. State,* 141 Ala. 90, 37 South. 407; *Olmstead v. State,* 89 Ala. 16, 7 South. 775.

The court's rulings on the demurrers and refusing the general charge are without error.

Affirmed.

*Violating Prohibition Law.*

